■ CLIFFORD CONNORS, Respondent, v STEVEN WILDSTEIN, Appellant. [706 NYS2d 189] —In an action, *inter alia*, to recover damages for breach of contract and conversion, the defendant appeals from a judgment of the Supreme Court, Nassau County (McCarty, J.), dated June 14, 1999, which upon, in effect, granting the plaintiff's application to search the record and award summary judgment on the complaint in his favor, is in favor of the plaintiff and against him in the principal sum of $69,077.52.

Ordered that the judgment is affirmed, with costs.

The plaintiff retained the defendant to represent him in a personal injury action. Pursuant to the retainer agreement which the parties executed at that time, the plaintiff authorized the defendant to receive, *inter alia*, 25% of any sum

recovered, whether by action, settlement, or otherwise. Thereafter, on the eve of trial, the parties executed a revised retainer agreement whereby the plaintiff authorized the defendant to receive as payment, *inter alia*, one-third of the net recovery in the event of a settlement or verdict in the amount of at least $700,000 and 31% of the net recovery in the event of a settlement or verdict that was less than $700,000. The case was subsequently settled for $850,000 and the defendant retained a percentage of the recovery pursuant to the revised agreement.

The revised retainer agreement was not enforceable because it violated 22 NYCRR 691.20 (e), Schedule B. Therefore, the defendant was entitled only to the amount authorized by the initial retainer agreement, and the plaintiff was entitled to recover the difference between the amount authorized by the initial retainer agreement and the amount retained by the defendant pursuant to the revised retainer agreement. Mangano, P. J., Santucci, Krausman, Florio and Schmidt, JJ., concur.